SANDERS, Justice
(dissenting).
In my opinion, the majority has reached an incorrect result in this case largely because of a misconstruction of the pleadings. The majority concludes that Ewing) defendant and third party plaintiff, does not rely upon policy coverage, but solely upon estoppel.
An examination of the pleadings leads me to a contrary conclusion. The plaintiffs allege in Article IV of the petition that the Fidelity policy covered the damage arising from the automobile accident. In- a pleading captioned “Answer and Third Party Petition,” Ewing admitted this allegation of the petition, thereby formally asserting coverage' under the .poicy. In the final portion of the pleading, devoted to the Third Party .'demand, Ewing- first assserts coverage under the policy by .pleading all the circumstances. In Article- 5, he then asserts an alternative demand based upon estoppel in the following language:
“That Callender Auto Rental filed said answer on- or about' January 3, 1965; that in or after December of 1966, Cal- *672 lender Auto Rental filed an amended answer denying that it had coverage of insurance for third party petitioner; that, if this he found to he true, then
Callender Auto Rental was negligent in not obtaining insurance for which it agreed to purchase or breached its promise to do so or both, and that third party petitioner is entitled to judgment over as requested in this third party petition.” (Italics mine).
If Ewing relies upon policy coverage and alternatively estoppel, as I believe he does, the posture of the case requires a different approach from that adopted by the majority. The specific question framed is this: What are the legal consequences of the failure of Fidelity to produce the policy ?
To resolve this question, it must be understood that Fidelity admitted coverage until November 7, 1966. Shortly thereafter, it filed an amended answer, admitting issuance of the policy insuring Callender Auto Rentals, Inc. against liability but denying that the policy covered the particular automobile rented to Ewing. Apparently, Fidelity adhered to this position during the trial.
During the trial, the Court permitted counsel for Fidelity to offer the original policy in evidence, though he did not have it with him in the courtroom, with leave to produce it later and substitute a copy in the record. Counsel for Fidelity failed to produce the policy. The district court rendered judgment against Fidelity on the policy. Fidelity and Callender appealed. The Court of Appeal reversed the judgment against Fidelity.
I think the Court of Appeal erred. In my opinion, the admissions- in Fidelity’s answer, the testimony of Arthur O. Cope, rental agency manager, and the admissions against interest by Fidelity’s agent constitute prima facie evidence of coverage. Although introduced at the trial, the policy is not in the record because Fidelity failed to produce it. Hence, Ewing should not be penalized by its absence.
Assuming, however, I am in error in finding prima facie evidence of coverage upon which to rest the judgment against Fidelity, the decree of the majority is still open to question. Since the trial judge allowed the introduction of the policy,[1] its absence represents an omission of a material part of the trial record. Hence, on its own motion, this Court should order the correction of the record by the filing of the policy. See LSA-C.C.P. Art. 2132.
For the reasons assigned, I respectfully dissent.

. THE COURT: You have introduced the original and I will permit it.” Tr. 92.